DEAN C. RANDALL, PET'R.

*vs.*

HARRY W. PINKHAM, SHERIFF

Kennebec. Opinion, November 13, 1953.

*Bartolo M. Siciliano,* for Plaintiff.

*Joseph B. Campbell, County Attorney,* for State.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, TIRRELL, WEBBER, JJ. WILLIAMSON, J., did not sit.

MERRILL, C. J.  On exceptions.  The petitioner having been arrested by the Sheriff of Kennebec County on a rendition warrant in extradition proceedings on a demand for his extradition by the Governor of Georgia, petitioned to a Justice of the Supreme Judicial Court of this State for a writ of habeas corpus.  The writ of habeas corpus was issued, proper notice thereof given and it was returned to and hearing had before said Justice of the Supreme Judicial Court.

The respondent, the Sheriff of the County of Kennebec to whom the warrant of the Governor of Maine was directed, by his return justified his detention of the petitioner under said warrant.  After hearing the Justice of the Supreme Judicial Court dismissed the writ of habeas corpus, remanded the prisoner to the custody of the Sheriff of the

County of Kennebec to be held and delivered pursuant to the terms, conditions and requirements of the warrant of extradition issued by the Governor of Maine dated July 9, 1953. The said justice further ordered that the execution of the governor's warrant be stayed pending final disposition of the cause, and that pending such final disposition or until further order of court, the petitioner continue to be retained in the custody of the Sheriff of the County of Kennebec.

The petitioner has brought the case before this court on a bill of exceptions to rulings below by the Justice of the Supreme Judicial Court.

Exceptions I, II and III are to the exclusion of evidence by the justice below in the course of the hearing on the writ of habeas corpus. By the evidence excluded the petitioner sought to show by what means or on what evidence the Governor of the State of Maine arrived at his decision to issue a warrant of rendition.

The petitioner had no constitutional right to a hearing on the question of rendition before the governor. *In Re Murphy*, 72 N. E. (2nd) (Mass.) 413. Nor was such right conferred upon him by any applicable statute. As the governor may issue the warrant of rendition without hearing, if he does issue the warrant the conduct of such hearing as he may have afforded the prisoner is immaterial in habeas corpus proceedings to test the validity of the warrant actually issued. Exceptions numbered I, II and III are overruled.

In each of the exceptions numbered I, II and III, after setting forth the ruling of the justice which was the subject thereof, the petitioner concluded with the following allegation:—"Wherefore by reason of the foregoing your petitioner respectfully submits that the ruling of the presiding justice excluding (in Exception I, 'the said exhibits,' in Exception II, 'said testimony,' in Exception III, 'such evidence') was error, as a matter of law, to which ruling he ex-

cepts and says that he is aggrieved and prejudiced thereby and prays that his exception may be allowed."

After Exception III the bill of exceptions is as follows:—

### "EXCEPTION IV

The following objections to the validity of the demand for extradition, the papers accompanying said demand, and the validity of the warrant of rendition, were presented to the Presiding Justice for his consideration at the hearing on the writ.

These objections or points were over-ruled and held to be without merit. The Presiding Justice then ruled that the writ of Habeas Corpus be dismissed."

Then follow fourteen numbered objections. Following these objections is a statement listing the documents which form a part of the bill. There is no statement either in the bill of exceptions or in the record that the petitioner excepts to any of the rulings set forth in the paragraph headed "EXCEPTION IV," or that he is aggrieved thereby or that he prays that his exceptions thereto may be allowed. After the signatures to the bill by counsel in the ordinary form, the following appears at the end of the bill, "Exceptions Allowed." Signed by the Justice of the Supreme Judicial Court.

The so-called "EXCEPTION IV" does not show that any exception was taken to the rulings of the court set forth therein. It is clearly insufficient as an exception to test the validity of the said rulings of the presiding justice.

While we have held that it is unnecessary to state in a bill of exceptions that the excepting party is aggrieved by a ruling when the ruling on its face shows that he is necessarily aggrieved thereby, we find no case where the sufficiency of an exception to a ruling has been sustained when there is no statement in the bill of exceptions or in the record that the party bringing forward the bill of exceptions took exceptions to such ruling of the presiding justice.

Even if we would be authorized to remand the case to the court below under R. S. (1944), Chap. 91, Sec. 14 (a question upon which we neither express nor intimate our opinion) we would not be justified in so doing in this case. It is only when in the opinion of the Law Court that *"the ends of justice require"* that it may remand the case to the court below for the correction of errors of procedure.

Without holding or intimating thereby that this particular defect in the bill of exceptions could be corrected under said Section 14, we have examined the various objections to the sufficiency of the papers supporting the request of the Governor of Georgia for extradition of the petitioner and the warrant issued by the Governor of the State of Maine as set forth in the bill of exceptions in the paragraph numbered "EXCEPTION IV" and we find them sufficient to justify the issue of the warrant of rendition and that the latter is valid. Therefore, even if we could otherwise remand the case to the court below, the ends of justice do not require that the same be done.

The entry will be

> *Exceptions I, II and III overruled.*
> *Exception IV dismissed.*